O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| QUI THANH NGUYEN, | ) | CASE NO. CV 11-4223-DSF (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| B.M. CASH, WARDEN, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which Petitioner has objected.

In his objections, Petitioner, for the first time, alleges that the trial court erred in neglecting to instruct the jury at the guilt phase of his trial on voluntary intoxication, imperfect self-defense, and mental disease, defect, or disorder. These instructions, according to Petitioner, were warranted because the trial court was aware of evidence showing that Petitioner had a history of mental disorder and because the trial court was aware that Petitioner had been using methamphetamine during the days leading up to the murder. Furthermore, Petitioner believes that an imperfect self-defense instruction would have been meritorious because Petitioner claimed to have shot the victims as a result of

hearing voices in his heard. Petitioner contends that, had the jury been instructed on any of these concepts, it would have determined that Petitioner lacked the ability to form the requisite specific intent to commit murder.

A district court has discretion, but is not required, to consider claims presented for the first time in a party's objections to a magistrate judge's report and recommendation. *Brown v. Roe*, 279 F.3d 742 (9th Cir. 2002). In deciding whether to consider the newly presented claims, the district court must actually exercise its discretion rather than summarily deny the claims. *Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (citing *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)).

Here, the Court, in its discretion, elects not to address the claims that Petitioner has raised in his objections. As an initial matter, those claims do not appear to be exhausted and, in all likelihood, are barred by the applicable statute of limitations. Moreover, Petitioner has had ample time and opportunity to state the nature of his claims. Indeed, at Petitioner's request, his initial petition was stayed for nearly seven months to allow him to exhaust the unexhausted claims that he asserted in his initial petition. Although Petitioner, thereafter, filed a first amended petition, he did not assert any of the claims that he now raises in his objections – nor did he ever seek leave to amend in order to assert those claims at any point in the intervening nine months between the date on which he filed his first amended petition and the date on which he filed his objections. Accordingly, there is no reason to allow Petitioner to use his objections to the magistrate judge's Report and Recommendation to assert new claims for the first time before this Court.

Even if the Court were to consider the claims that Petitioner has asserted for the first time in his objections, they would fail for lack of prejudice. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) (federal habeas relief for constitutional error is unavailable unless error had substantial and injurious impact on jury's verdict). At bottom, Petitioner contends that the jury would have found that he lacked the specific intent to commit the crimes of which he was convicted if

the jury had been instructed on either mental disorder, voluntary intoxication, or imperfect self defense. However, the evidence at trial belies this contention. That evidence showed that Petitioner's actions were deliberate and premeditated. Indeed, Petitioner armed himself and drove first to his Troung's home and then drove for approximately a half hour to her work, where, upon seeing Troung, he immediately declared, "Tyna, you done today." His actions after the shooting evidenced an awareness of the gravity of his actions, in that he fled the murder scene and remained on the run from police for more than two months after the shooting. Further, once he was finally apprehended by police, Petitioner explained that his actions were motivated by his anger with Troung. Although Petitioner told police that he felt bad about shooting Troung's female friend, Petitioner expressed no remorse about shooting Pham – the man whom Petitioner mistakenly believed had stolen Troung away from him. Finally, Dr. Sharma, the medical expert who testified at the sanity phase of Petitioner's trial, unequivocally opined that Petitioner's actions showed that he was sane when he committed the shooting. Given this evidence, there is no reason to believe that the jury would have found that Petitioner lacked the requisite intent to commit murder if the jury had been instructed in accordance with Petitioner's claims.

Furthermore, the jury's verdict at the sanity phase of the trial also undercuts Petitioner's newly asserted claims. Petitioner essentially contends that he could not have formed the requisite intent to commit murder because he was not acting on his own free will, but rather in response to voices in his head. The jury, however, considered Petitioner's evidence on this point at the sanity phase of the trial. Having considered that evidence, the jury concluded that Petitioner was sane when he committed the shooting. As such, there is little reason to accept Petitioner's conclusion that the jury would have found that his purported mental disorder prevented him from forming the requisite specific intent to commit the crimes with which he was charged, had the jury been instructed as Petitioner believes it should have been.

Moreover, there is no reason to believe that Petitioner was entitled to a jury instruction on voluntary intoxication or that, if the instruction had been given, the jury

would have found that Petitioner's voluntary intoxication impacted his ability to form the specific intent to commit the crimes with which he was charged. In California, "[a] defendant is entitled to . . . an instruction [on voluntary intoxication] when there is substantial evidence of the defendant's voluntary intoxication and the intoxication affected the defendant's 'actual formation of specific intent.'" *People v. Williams*, 16 Cal. 4th 635, 677, 66 Cal. Rptr. 2d 573, 941 P.2d 752 (1997). Here, Petitioner claims that he had been using methamphetamine on the day of the shooting, but there is no evidence that his purported use of methamphetamine affected his actual formation of specific intent. On the contrary, Petitioner's actions were strongly indicative of deliberation and premeditation, as he armed himself and drove first to Troung's home and then to her work, which was approximately thirty minutes away from her home. And, as discussed above, Petitioner announced his intent to kill Troung upon seeing her. In short, the evidence of Petitioner's specific intent was overwhelming.

Finally, the purported instructional errors could not have been prejudicial in light of counsel's defense strategy. *See Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). As explained in the Report and Recommendation, counsel elected not to challenge the facts establishing Petitioner's guilt, but instead chose to argue only that Petitioner was not sane when he committed the crimes. Considering the overwhelming evidence of premeditation and deliberation, this strategy was sound.

In sum, Petitioner cannot show that the lack of instructions on mental disorder, voluntary intoxication, or imperfect self-defense had a substantial and injurious impact on the jury's verdict. Accordingly, he is not entitled to habeas relief on any of the new claims that he asserts in his objections.

The Court, therefore, accepts the findings and recommendations of the Magistrate Judge.

DATED: 2/25/13

*Dale S. Fischer*

---
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE